IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ROGER C. EASTMAN,**                          3:14-cv-00052- RE

            Plaintiff,                             **OPINION AND ORDER**

      v.

**CAROLYN W. COLVIN,**
Acting Commissioner of Social Security,

           Defendant.

**REDDEN**, Judge:

Plaintiff Roger Eastman brings this action to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claims for Disability Insurance Benefits and Social Security Income benefits under Titles II and XVI of the Social Security Act. For the reasons set forth below, the decision of the Commissioner is reversed and this matter is remanded for the calculation and payment of benefits.

1 - OPINION AND ORDER

## BACKGROUND

Eastman filed his applications in March 2008, alleging disability since January 31, 2007, due to "diabetes, mental." Tr. 251. Born in 1956, Eastman was 51 years old on his alleged onset date. His application was denied initially and upon reconsideration. After a hearing, the Administrative Law Judge ("ALJ") found him not disabled. This court remanded the matter to the Commissioner on September 13, 2012. Tr. 709-52. A second hearing occurred on April 17, 2013. Tr. 575-613. In a partially favorable decision the ALJ found Plaintiff disabled beginning March 2, 2011, Plaintiff's 55th birthday, but not disabled before that date. Tr. 550-74. Eastman's request for review was denied, making the ALJ's decision the final decision of the Commissioner.

## ALJ's DECISION

The ALJ found Eastman had the medically determinable severe impairments of diabetes mellitus, degenerative disc disease, degenerative joint disease of the hip, learning disorder, mood disorder, cognitive disorder, and impulse control disorder. Tr. 558. The ALJ determined Plaintiff met the insured status requirements of the Social Security Act through December 31, 2009. Tr. 557.

The ALJ found that Eastman's impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1. Tr. 558.

The ALJ determined that Eastman retained the residual functional capacity ("RFC") to perform a limited range of light work and is able to frequently climb ramps and stairs and kneel; can do no climbing of ladders, ropes or scaffolds; can occasionally stoop, crouch, crawl; should avoid concentrated exposure to vibrations, hazards; is limited to simple, routine, repetitive tasks

consistent with unskilled work; should have no public contact; is limited to occasional superficial contact with coworkers regarding trivial matters; is limited to low stress work, which is defined as work requiring few decisions and few changes; should have no writing or math as part of job duties; job duties should be capable of one-on-one, in person demonstration rather than written instruction. Tr. 559.

At step five, the ALJ found Eastman was unable to perform his past relevant work as a tire changer, dredge operator, core maker, crane operator, and crane chaser, but was capable of performing other work that exists in significant numbers in the national economy, including light janitorial worker and assembler. Tr. 17.

Eastman argues that the ALJ erred by failing to properly consider the opinion of examining psychologist Jack Litman, Ph.D.

## DISCUSSION

Disability opinions are reserved for the Commissioner. 20 C.F.R. §§ 404.1527(e)(1); 416.927(e)(1). If no conflict arises between medical source opinions, the ALJ generally must accord greater weight to the opinion of a treating physician than that of an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). In such circumstances the ALJ should also give greater weight to the opinion of an examining physician over that of a reviewing physician. *Id.* But, if two medical source opinions conflict, an ALJ need only give "specific and legitimate reasons" for discrediting one opinion in favor of another. *Id.* at 830. The ALJ may reject physician opinions that are "brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "[T]he opinions of a specialist about medical issues related to his or her area of specialization are given more weight than the opinions

of a nonspecialist." *Smolen v. Chater,* 80 F.3d 1273, 1285 (9ith Cir. 1996)(*citing* 20 C.F.R. § 404.1527(d)(5)).

**I. Medical Evidence**

Jack Litman, Ph.D., examined Plaintiff in April 2010. Tr. 504-23. The ALJ stated:

> In an April 2010 psychological evaluation attained after the prior hearing upon referral from his attorney, the claimant reported he would work if someone would give him a job. He denied any mental health treatment and had never taken any psychiatric medication. He presented as frustrated and cynical. He refused attempts at serial Ts and serial 3's. He was able to execute a three-stage command. He reported that on a typical day he worked around the house, did yard work, and did mechanical work on vehicles. He rode a bike for transportation as well as pleasure. On a WRAT-4, word reading score was at the 2.6 grade level, spelling was at the 2.3 grade level, and math was at the 2.7 grade level. Immediate memory was very low. Overall, he was in the lowest of the low average range of memory function. On the WAIS-IV, full scale IQ was 86, in the low average range. He was diagnosed with a learning disorder with difficulties in Reading, mathematics and written expression, a cognitive disorder, a mood disorder, and an impulse control disorder. Jack M. Litman, Ph.D., opined he would be a very difficult employee to manage. He opined the claimant was mildly limited in the ability to understand, remember or carry out one or two step instructions and markedly limited with detailed instructions. He was markedly limited in the ability to maintain attention and concentration for extended periods, and perform activities within a schedule. He was moderately limited in the ability to work in coordination with others. He was mildly limited in the ability to make simple work related decision and markedly limited in the ability to complete a normal work schedule. He was moderately limited in the ability to interact with the public and mildly limited in the ability to ask simple questions. He was markedly limited in the ability to accept instructions and respond appropriately to criticism from supervisors. He was markedly limited in the ability to get along with coworkers and moderately limited in the ability to maintain socially appropriate behavior. He was markedly limited in the ability to respond appropriately to changes in the work setting and set realistic goals. He was incapable of low stress work. He would be absent from work more than 3 times a month. Symptoms and

        limitations began at age 9.

Tr. 560-61.

    Regarding the weight to give Dr. Litman's opinion, the ALJ stated:

> The overall assessment of Dr. Litman is given significant weight. However, the findings on examination are consistent with a capacity for simple, routine, repetitive tasks with limited inter- action. In addition, evidence does not support a finding that he would be frequently absent, unable to complete a normal work schedule, or unable to accept instructions from supervisors. Dr. Litman indicates the claimant has experienced these limitations since age 9. However, the claimant has worked in the past despite his cognitive and learning difficulties. While he has significant mental limitations, his work history includes skilled work. He graduated from high school and took some college classes. The residual functional capacity finding of the undersigned adequately addresses his cognitive limitations and propensity for frustration. The residual functional capacity eliminates all but very simple reading, writing and math requirements, consistent with the limited skills described by the claimant in his testimony.

Tr. 522.

    Read in context, Dr. Litman notes Plaintiff's breech birth and spinal meningitis at age nine resulted in life-long struggles . Dr. Litman theorizes that the meningitis "may have cognitively destabilized [Plaintiff] in which he becomes very frustrated, angry and irritable very easily." *Id.* Dr. Litman recognized that Plaintiff had worked in the past in forming his opinion.

    The ALJ's reliance on evidence that Plaintiff graduated from high school and took college courses to discredit Dr. Litman's opinion is also inadequate. Dr. Litman noted the high school graduation despite Plaintiff's reading, writing, and math skills, and that Plaintiff was unable to complete an auto mechanics training program at Portland Community College because he could not pass the written exams. Tr. 514.

5 - OPINION AND ORDER

The Commissioner argues that the consistent opinions of reviewing psychological consultants Megan Nicoloff, Psy.D., and Sandra Lundblad, Psy. D., both of whom reviewed Dr. Litman's report and the subsequent report of psycho-diagnostic examination by Tom Dooley, Psy.D., constitute specific and legitimate reasons to discount Dr. Litman's opinions that Plaintiff would be frequently absent, unable to complete a work schedule, and unable to accept supervision. Tr. 669-85, 690, 976-80.

Dr. Dooley examined Plaintiff on September 19, 2011. Tr. 976-80. Dr. Dooley interviewed Plaintiff, but administered no diagnostic tests. Dr. Dooley did not address whether Plaintiff would be frequently absent, unable to complete a work schedule, or unable to accept supervision, and his opinion does not, therefore, contradict Dr. Litman's opinion.

The contrary opinion of a non-examining medical expert "does not alone constitute a specific, legitimate reason for rejecting a treating or examining physician's opinion." *Tonapetyan v. Halter,* 242 F.3d 1144, 1149 (9th Cir. 2001).

Accordingly, on this record, the ALJ's evaluation of Dr. Litman's opinion was not supported by substantial evidence.

## II. Remand

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel,* 211 F.3d 172, 1178 (9th Cir. 2000), *cert. denied,* 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r,* 635 F.3d 1135, 1138-

39 (9th Cir. 2011)(quoting *Benecke v. Barnhart,* 379 F.3d 587, 593 (9th Cir. 2004)). The court may not award benefits punitively, and must conduct a "credit-as-true" analysis to determine if a claimant is disabled under the Act. *Id* at 1138.

Under the "credit-as-true" doctrine, evidence should be credited and an immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id.* The "credit-as-true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. *Connett v. Barnhart,* 340 F.3d 871, 876 (citing *Bunnell v. Sullivan,* 947 F.2d 871(9th Cir. 2003)(en banc)). The reviewing court should decline to credit testimony when "outstanding issues" remain. *Luna v. Astrue,* 623 F.3d 1032, 1035 (9th Cir. 2010).

The ALJ's rejection of Dr. Litman's opinion is erroneous for the reasons set out above. The Vocational Expert testified that, if Dr. Litman's opinion regarding frequent absences are credited, Plaintiff would be unable to maintain employment. Tr. 609. If Dr. Litman's April 2010 opinion is credited Plaintiff has established disability prior to March 1, 2011. Thus, Plaintiff is disabled based on this medical record and no useful purpose would be served by a remand of this matter for further proceedings. *See Harman,* 211 F.3d at 117.

## CONCLUSION

The Commissioner's decision that Plaintiff is not disabled prior to March 1, 2011, is not supported by substantial evidence. For these reasons the decision of the Commissioner is

reversed and this matter is remanded to the Commissioner pursuant to Sentence Four, 42 U.S.C. § 405(g) for the immediate calculation and payment of benefits.

IT IS SO ORDERED.

Dated this 19th day of December, 2014.

JAMES A. REDDEN
United States District Judge

8 - OPINION AND ORDER